**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4832**
_____

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

LAMONT DEMANUEL EVERETT,

　　　　　Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.　Louise W. Flanagan, Chief District Judge.　(5:04-cr-00179-FL-1)

_____

Submitted:　February 28, 2012　　　Decided:　April 9, 2012

_____

Before AGEE, KEENAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.　Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamont Demanuel Everett appeals the twenty-four-month sentence imposed upon revocation of his term of supervised release. He contends that the district court imposed the statutory maximum revocation sentence based on his need for mental health treatment in violation of Tapia v. United States, 131 S. Ct. 2382 (2011), which provides that a prison term may not be lengthened for the purpose of providing rehabilitation. We disagree and therefore affirm.

We will not disturb a sentence imposed after revocation of supervised release that is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006). In making this determination, we first consider whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks and citations omitted).

Although a district court "ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum," Crudup, 461 F.3d at 439 (internal quotation marks omitted), the court must consider

2

the Chapter Seven policy statements in the federal Sentencing Guidelines manual, as well as the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006).

Citing Tapia, Everett contends that his sentence is plainly unreasonable because the district court improperly considered his need for mental health treatment. Although counsel argued extensively about Everett's mental health concerns, noting that Everett's "mental health situation seems to be driving this case to a very large extent," our review of the revocation hearing transcript leads us to conclude that the district court did not rely on Everett's need for mental health treatment in determining the appropriate sentence. Rather, the district court considered Everett's history of angry outbursts when frustrated or when told what to do, his difficulties accepting the authority of the court or the probation officer, his prior violations for which he was allowed to continue on supervision, and the "patterns and practices" that Everett exhibited from an early age. The court did not mention Everett's need for treatment in connection with the imposition of the 24-month sentence, but rather stated that it considered the mental health issue "in mitigation." Only after the court imposed sentence and in response to Everett's attorney's request, the court recommended that Everett be imprisoned at FCI

Butner and that he be given a mental health evaluation. We conclude that the 24-month revocation sentence does not run afoul of <u>Tapia</u>. Accordingly, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
